Filed 11/24/15  P. v. Garcia CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yolo)

----

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | C079044 |
| v. | (Super. Ct. No. CRF151421) |
| JOSE JESUS GARCIA, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Jose Jesus Garcia asked this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  Our review of the record identified a necessary correction to the abstract of judgment.  However, finding no arguable error that would result in a disposition more favorable to defendant, we will affirm the judgment.

I

Defendant entered a drug store in Woodland on March 9, 2015.  He went behind the checkout counter, pushed aside the clerk who told him he could not be there, and took cigarettes.  When the clerk attempted to stop defendant again, defendant pushed the clerk

1

a second time and left the store. The manager tried to stop defendant but defendant assumed a threatening stance. The clerk and the manager feared for their safety.

Defendant pleaded no contest to second degree robbery (Pen. Code, § 211) in exchange for a stipulated sentence of three years in state prison and the dismissal of allegations that he served two prior prison terms. It was further agreed that the plea would be grounds to terminate probation as unsuccessful, but with no further time, in various misdemeanor cases. (Case Nos. CR145732, CR144788, CR142770, and CR123468.)

At sentencing, defense counsel requested that the trial court impose the minimum fees and fines and not impose attorney's fees. When the trail court asked defense counsel if defendant was interested in a Penal Code section 1203.096 (substance abuse program) referral, defendant responded, "Not unless it is going to help my time." Defendant said he was a state certified firefighter and he planned to return to that.

The trial court allowed defendant to further address the court regarding sentencing. Defendant said at the time of his arrest, he was hearing 16 voices in his head. They told him he was the new general, that he owned it, he claimed it, and he earned it. Based on those voices, defendant said he was not guilty because those voices told him that he owned the cigarettes he took.

Defendant complained that defense counsel never asked him about his motive in committing the crime. Defendant said he accepted the plea bargain because if he did not take the three years, he faced seven years. Defense counsel attempted to interrupt and suggest that defendant discuss his concerns at a hearing pursuant to *People v. Marsden* (1970) 2 Cal.3d 118. But defendant continued, claiming he had asked for a "better deal" than seven years and he was offered three years. When the trial court asked defendant what he wanted to do, defendant said he wanted to make his statement for the record and have an appellate court look at it.

Defense counsel said that was the first time he heard defendant complain about mental issues or complaints, noting that he had previously represented defendant in another matter and defendant never mentioned any kind of psychological disorders. The trial court said that based on its observations, defendant appeared competent. The trial court noted that a factual basis had been stated for the plea and the trial court was satisfied that defendant entered the plea voluntarily, that he was competent and that he understood.

The trial court sentenced defendant for the second degree robbery to the stipulated term of three years in state prison, awarded 50 days of presentence credit, imposed a $40 court operations assessment, a $30 conviction assessment, a $300 restitution fine, and a $300 parole revocation fine, and ordered defendant to pay $10.78 in victim restitution.

The trial court granted defendant's request for a certificate of probable cause. (Pen. Code, § 1237.5.)

## II

Appointed counsel filed an opening brief setting forth the facts of the case and asking this court to review the record and determine whether there are any arguable issues on appeal. (*Wende, supra,* 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing the opening brief. More than 30 days elapsed and we received no communication from defendant.

Our review of the record identified a necessary correction to the abstract of judgment. The trial court ordered defendant to pay $10.78 in victim restitution, but that order is not reflected on the abstract. We will direct the trial court to make this correction to the abstract of judgment. (*People v. Mitchell* (2001) 26 Cal.4th 181, 185.)

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

3

DISPOSITION

The judgment is affirmed.  The trial court is directed to correct the abstract of judgment to reflect the trial court's order that defendant shall pay $10.78 in victim restitution.  The trial court shall forward a certified copy of the corrected abstract of judgment to the Department of Corrections and Rehabilitation.


                                                             _____/S/_____

                                                             Mauro, J.


We concur:



_____/S/_____
Blease, Acting P. J.



_____/S/_____
Renner, J.


4